GEORGIA,
Chatham Co.
MAY, 1805.

State
vs.
Roberts.

*Minutes of Superior Court, letter F. p.* 110.

' STATE *vs.* ELIAS ROBERTS.

### INDICTMENT FOR A MISDEMEANOR IN RECEIVING STOLEN GOODS.

THE jury having returned a verdict of guilty, the counsel for the defendant moved in arrest of judgment, upon the following grounds, viz.

1. Because the indictment charges the defendant with a misdemeanor in receiving stolen goods, under the statute of Ann, the principal felon having been convicted at the time of preferring such indictment.

2. Because there is no record of, nor in fact was there, any issue made up between the state and the defendant.

3. Because the said indictment is repugnant and inconsistent, and therefore void.

*Mr. Attorney General.*—The indictment charges the defendant with a misdemeanor, under the statute of Ann.

It is first necessary to cite the authorities in support of the indictment.

Receiving of stolen goods, knowing them to have been stolen, is a high misdemeanor, an affront to public justice. This offence, which is only a misdemeanor at common law, by the statute 3 & 4 W. & M. c. 9, and 5 Ann, c. 31, makes the offenders *accessary* to the theft and felony. But because the accessary cannot in general be tried, unless with the principal or after the principal is convicted, the receivers by that means frequently eluded justice. To remedy which it is enacted by statute 1 Ann, c. 9, and 5 Ann, c. 31, that such offender may be prosecuted for a misdemeanor, and punished by fine and imprisonment, though the principal felon be not before taken, so as to be prosecuted and convicted ; 4 vol. Tuck. Blk. 132 ; so that now the prosecutor has two methods in his choice ; either to punish the re-

ceiver for the misdemeanor immediately before the thief is taken, or to wait until the felon is convicted, and then punish them as accessaries to the felony. Foster, 373.

The doctrine is, however, more explicitly developed in the stat. of Ann, referred to c. 31.

After making it a felony to buy or receive stolen goods, it declares : " That if any principal felon cannot be taken, so as to be prosecuted and convicted, it shall and may be lawful to prosecute and punish every person buying and receiving any stolen goods by such principal felon, knowing the same to be stolen, as for a *misdemeanor*, although the principal felon be not before convicted of the said felony."

At the first blush there appears a little repugnancy between Blackstone, Foster, and the plain language of the statute of Ann.

Those authorities say, that the receiver may be punished, or indicted for a misdemeanor, " immediately before the thief is taken," meaning the principal felon. But justices Blackstone and Foster explain the statute of Ann, and their construction is confined by uniform decisions since *Wilkie's case*, Leach, C. L. p. 98. 2 Hawk. c. 29. The statute of Ann, connected with the authorities cited, are of themselves sufficient to maintain the legal correctness of the indictment, and prosecution against the defendant. But there is another statute which definitively settles the point. The statute of 22 Geo. 3. c. 58, enacts, " That in all cases whatsoever, where any goods and chattels (except lead, iron, copper, brass, bell metal, and solder,) shall have been feloniously taken and stolen, every person who shall buy or receive any such goods and chattels, knowing the same to have been so taken and stolen, shall be guilty of, and may be prosecuted for, a misdemeanor, although the principal felon be not before convicted of the felony, and whether such felon be amenable to justice or not. And if the felony amounts to grand larceny, or some greater offence, and the principal felon shall have not been convicted, such offender shall be exempted from being punished as an accessary, if the prin-

---

GEORGIA,
Chatham Co.
MAY, 1805.

State
vs.
Roberts.

Foster, 375.
5 Ann, c. 31.

Leach, C.L. 98.
2 Hawk. 29.

22 Geo. 3. c. 58.

GEORGIA,
Chatham Co.
MAY, 1805.

State
vs.
Roberts.

Leach, C. L.
325.

cipal shall have been afterwards convicted." Leach, C. L. 325. *Haslam's case*, which recites the statute.

Under this statute, one *William Haslam* was tried, and *Richard Rogers*, the principal felon, was produced as a witness. The question was, whether the principal could, in this case, be legally admitted as a witness against the accessary? and it was decided, that a principal felon may be admitted as a witness against the accessary under this statute.

If the principal can be a competent witness against the accessary, is the conviction of that principal a previous requisite to maintain the indictment against the accessary for a *misdemeanor?* The statutes do not require it. The authorities explanatory of those statutes, decidedly do not. But admitting the necessity of a previous conviction of the principal felon, or that he could not be taken, that is, proof to that effect. Yet, in the present case, the court cannot take judicial cognizance of the conviction of the principal felon, he being a negro, and not amenable to this jurisdiction, and over that court, (the justices' court) before which he has been tried and convicted, this court has no control as to criminal charges exhibited against that class of people. I was, therefore, of necessity, compelled to prosecute the defendant for a misdemeanor.

*Second ground.* No issue joined. I would still contend, that there is no issue in criminal cases. Rex *vs.* Oneby. 2 Strange 775. Rex *vs.* Roya. 4 Burr. 2084, 5. King *vs.* Doalin, 5 Im. Rep. 511.

2 Stra. 775. 4
Burr 2084. 5
I. Rep. 511.

The reasoning applied to the case of the Spaniards, if deemed convincing, must operate very conclusively in opposition to this ground. For if the issue, joined between a culprit on his life and death, is, in its nature, *oral,* and is so admitted by the authorities, can a more dignified system of pleading (viz. issues on records,) be extended to defendants indicted for misdemeanors? On motions in arrest of judgment, nothing can be alleged which doth not appear on the face of the record. Is there any matter on the record which supports this ground of arrest?

Justice Blackstone is explicit : " arrests of judgments arise from intrinsic causes appearing upon the face of the record." Hence, there cannot be a reinvestigation of a *fact* upon a motion in arrest of judgment.

GEORGIA,
Chatham Co.
May, 1805.

State
vs.
R___ r rts.

If the prisoner or a defendant has been denied any important right (which does not appear upon the record) secured to him by common, statutory, or constitutional law, he may be redressed through the medium of a new trial. And if the grounds stated in the present case, can, in any shape, avail the defendant, he ought to have taken advantage of them in a reinvestigation of facts on a new trial. Vide the authorities on the doctrine of new trials, passim, particularly 2 Dallas, 55, 56, and Bright, executor, *vs.* Eynon. 1 Burr. 390. It may be contended, that the stat. 22 Geo. 3. having been enacted since our independency, is not in operation. But it must be recollected, that this statute is cumulative of that of Ann ; and if cumulative, the principle of exposition is clear and obvious, viz. " a second act enacting an offence felony, that was so enacted before, with *some alterations*, is cumulative ;" Hale, P. C. p. 705, that is, it is to be considered as the *same* statute to which the alterations have been made. If, therefore, the statute of Ann is in force in this state, the statute of George is also in force.

Hale, 705.

*Third ground.* Because the indictment is repugnant and inconsistent.

The repugnancy is, that the indictment concludes, " with a damage done to the defendant, *Elias Roberts ;*" when it should have concluded, " to the great damage of the said *William H. Spencer.*"*

The indictment, however, contains the substantial and technical counts, and is copied from one of the best books of practice.

In the formality of the conclusion a trivial error has been committed, but that error cannot effect a discharge of the defendant, according to the English authorities.

* The person from whom the goods were stolen.